**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CR-785-JAR-5 |
| | ) | |
| EARL PATRICK HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Earl Patrick Henderson's pro se Motion for Compassionate Release pursuant to the First Step Act. (Doc. 386). For the reasons discussed below, the motion will be denied.

## I.    BACKGROUND

On February 10, 2021, Defendant Earl Patrick Henderson pled guilty to violating 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to distribute phencyclidine ("PCP") (Count I) and possessing PCP with intent to distribute (Count VI). (Doc. 333 at § 3). This Court sentenced Defendant to 21 months' imprisonment on each count, such terms to be served concurrently. (Doc. 335). This sentence was within the applicable guideline range. (Doc. 336). Defendant is 29 years old and currently incarcerated at FCI Forrest City Low with an expected release date of October 15, 2022.

On August 19, 2021, Defendant filed a pro se motion for compassionate release. (Doc. 386). Defendant noted that he suffers respiratory problems from having been shot in the back, has high blood pressure, and receives treatment for asthma. (*Id.* at 1). On October 25, 2021, appointed counsel Talmage E. Newton IV notified the Court that he would not be supplementing

Defendant's pro se motion. (Doc. 402). Accordingly, Defendant's pro se motion is properly before the Court and ready for disposition.

## II.    FIRST STEP ACT

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before enactment of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could move for compassionate release. Now, an incarcerated individual may bring his own motion if he has exhausted his administrative appeals or, after the warden of his facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b).[1]

The First Step Act did not change the standards for compassionate release, nor did it change the level of discretion afforded district courts. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A).[2] A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears

---

[1] On June 24, 2021, Defendant e-mailed the Warden at his facility requesting compassionate release. (Doc. 386-1 at 1). Defendant's appointed counsel stated that it "appears from the file that the Defendant has exhausted his administrative remedies." (Doc. 402 at 1). Considering Defendant requested compassionate release from the Warden more than 30 days ago and the Government has not challenged this Court's jurisdiction, the Court will consider Defendant's motion on the merits.

[2] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in the Eighth Circuit, that have interpreted this provision as giving courts the discretion to consider other relevant factors. *See United States v. Weissinger*, No. 1:06-CR-132 CDP, 2021 WL 2252824, at *4 (E.D. Mo. June 2, 2021) ("Accordingly, while the guidelines provision and its application note provide helpful guidance, this court is not limited in the factors that can be considered in determining whether compassionate release should be granted."). The Eighth Circuit has not resolved this precise issue. *See United States v. Gater*, No. 20-2158, 2021 WL 2069968, at *2 (8th Cir. May 24, 2021) (per curiam) ("We need not decide whether the statute supersedes the list of circumstances set forth in the policy statement."). The Eighth Circuit has now recognized, however, that at least certain elements of the policy statement are "advisory not prohibitive." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

the burden of establishing that such relief is warranted. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C § 994(t). Compassionate release "is an extraordinary and rare event," *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019), and the decision whether to grant compassionate release remains subject to this Court's "broad discretion." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020).

## III.   DISCUSSION

Defendant contends that extraordinary and compelling reasons to grant compassionate release exist because he suffers from respiratory issues stemming from a gunshot wound, high blood pressure, and asthma. Defendant also notes that he is the primary caretaker for his mother, who has various medical complications. The Court acknowledges that certain of Defendant's health conditions may place him at greater risk of suffering severe complications if he were to contract COVID-19. *See, e.g.*, *United States v. Williams*, No. 4:17-CR-310-5-RLW, 2020 WL 7392875, at *2 (E.D. Mo. Nov. 25, 2020) (discussing hypertension); *United States v. Brown*, 457 F. Supp. 3d 691, 703 (S.D. Iowa 2020) (discussing asthma). Under the current circumstances, however, the Court finds that Defendant's health conditions do not amount to extraordinarily and compelling reasons justifying compassionate release.

First, the BOP has made COVID-19 vaccines widely available to federal prisoners. The Centers for Disease Control and Prevention has determined that the available vaccines are extremely effective at preventing contraction of COVID-19 and limiting serious illness post-infection. *See United States v. Weissinger*, No. 1:06-CR-132 CDP, 2021 WL 2252824, at *5

---

This Court finds that compassionate release is not warranted under either the 1B1.13 policy statement or this Court's discretionary analysis. *See United States v. James*, No. 4:16-CR-00233-01-JM, 2021 WL 2402274, at *1 (E.D. Ark. June 11, 2021) ("The Court finds that under either the 1B1.13 policy statement or under the Court's discretion, Defendant's circumstances are not extraordinary and compelling.").

(E.D. Mo. June 2, 2021) ("On this information [that defendant has received the vaccine], it appears that [defendant] faces reduced risks from the virus."). Defendant faces a substantially reduced risk of serious complications from COVID-19 given the availability of such effective vaccines.

Defendant's medical records indicate that he refused the COVID-19 vaccine in April 2021. (Doc. 386-1 at 44). While Defendant has a right to refuse the COVID-19 vaccine, he cannot do so and proceed to rely on his risk of suffering serious complications from contracting COVID-19 to obtain compassionate release. *See United States v. Jackson*, No. 15-CR-260(7) (PAM/TNL), 2021 WL 806366, at \*2 (D. Minn. Mar. 3, 2021) ("While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at \*5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds it would be inappropriate to reward her refusal to protect herself by granting her release."). Given the pragmatic concern that inmates might refuse the vaccine in a misguided effort to improve their chances of obtaining compassionate release, moreover, this Court is extremely disinclined to grant compassionate release where Defendant has refused the COVID-19 vaccine. *See United States v. Ortiz*, No. 5-18-CR-264, 2021 WL 1422816, at \*4 n.6 (E.D. Pa. Apr. 15, 2021). Even if Defendant had not refused the COVID-19 vaccine, this Court would deny compassionate release.

Second, Defendant's medical records suggest that his condition is stable and he receives adequate treatment while incarcerated. Defendant is only 29 years old, and his facility's medical staff has typically provided him conservative treatment such as blood pressure and pain

medication. (Doc. 386-1 at 13, 17-19). Defendant has frequently been described as "well, alert and oriented" at his medical appointments. (*Id.* at 15). In short, Defendant has not demonstrated that he suffers from a medical condition which "substantially diminishes [his] ability to provide self-care within the environment of a correctional facility and from which he [ ] is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Defendant also argues that his mother faces increased risk of complications from contracting COVID-19 and requires Defendant's assistance. The Application Notes to U.S.S.G. § 1B1.13 indicate "extraordinary and compelling reasons" may include family circumstances, but Defendant has not provided meaningful detail sufficient to permit this Court to find that his release is necessary to ensure someone can care for his mother based upon her potential risk of contracting COVID-19. U.S.S.G. § 1B1.13, Application Note 1(C). The hypothetical possibility of Defendant's mother requiring his assistance does not constitute an extraordinary and compelling reason justifying compassionate release.

Beyond Defendant's health conditions and family circumstances, the Court must consider community safety by analyzing the underlying offense, Defendant's history and characteristics, and the nature and seriousness of any danger to the community posed by Defendant's release. U.S.S.G. § 1B1.13(2) (incorporating the 18 U.S.C. § 3142(g) factors). The Final Presentence Investigation Report indicates that Defendant participated in the distribution of dangerous drugs and led police officers on a high-speed car chase during which Defendant discarded numerous vials of PCP. (*Id.* at ¶¶ 19, 26). Officers recovered a loaded semi-automatic handgun from Defendant's vehicle and two additional firearms upon Defendant's arrest in 2019. (*Id.* at ¶¶ 26, 31). Defendant has a relatively limited criminal record but does have a prior conviction for possession of a controlled substance. (*Id.* at ¶ 53). The Court certainly appreciates that Defendant

- 5 -

has taken advantage of educational programming and demonstrated good behavior while incarcerated, but "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C § 994(t).

Considering "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant," the Court finds that compassionate release is not warranted. 18 U.S.C. § 3553(a)(2). The Court deems it particularly relevant that Defendant has approximately nine months remaining on his 21-month sentence and sought compassionate release just six months after this Court imposed the sentence.

Considering the totality of the circumstances, including the nature of the offense and Defendant's criminal history, this Court continues to find that Defendant's sentence of 21 months' imprisonment is fair and just. A sentence must reflect the seriousness of the conduct charged and afford adequate deterrence to said behavior. Even if Defendant were eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. *See United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020). Finally, to the extent Defendant seeks to be placed in home confinement for the remainder of his sentence, this Court lacks authority to grant such request. *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021). ("[D]istrict court correctly held that it did not have authority to change Houck's place of imprisonment to home confinement.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Earl Patrick Henderson's pro se Motion for Compassionate Release pursuant to the First Step Act (Doc. 386) is **DENIED**.

Dated this 11th day of February, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE